| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 1:19-CR-00079 |
| § | |
| BRIAN ALFRED § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Brian Alfred's ("Alfred") *pro se* Motion (#54), wherein he requests a transfer from a state prison facility to a federal prison facility. Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.   Background

On April 1, 2019, Alfred was at his mother's residence, which is located within the Eastern District of Texas. While in the residence, Alfred set up his cell phone and began to record a Facebook Live video. Alfred then produced a firearm, an Anderson Model: AM-15 .223/5.56 caliber rifle, serial number 21581F13, and pointed it at his mother and her caretaker, while stating, "It's y'alls' time to die!" A family member observed the incident through the Facebook Live video and notified the Beaumont Police Department ("BPD"). Subsequently, BPD officers were dispatched to Alfred's mother's residence to check on her. When an officer arrived and began approaching the residence, Alfred placed the firearm on the ground outside the rear bedroom window. After BPD officers spoke with Alfred's mother and her caretaker, Alfred was

detained. It was determined that Alfred had previously been convicted of two felony offenses and was prohibited from possessing a firearm.[1]

On May 1, 2019, a federal grand jury in the Eastern District of Texas returned a single-count Indictment (#2) against Alfred, charging him with Possession of a Firearm by a Prohibited Person (convicted felon), in violation of 18 U.S.C. § 922(g)(1). On September 11, 2019, the court issued a writ of habeas corpus ad prosequendum to take Alfred into federal custody, and on September 26, 2019, Alfred was brought to federal court for his initial appearance and arraignment. Alfred entered into a written, binding plea agreement and pleaded guilty to Count One of the Indictment on September 10, 2020. On January 25, 2021, the court sentenced Alfred in accordance with his plea agreement to 180 months' imprisonment, to be followed by a five-year term of supervised release.

On March 3, 2021, Alfred was convicted in the Jefferson County Criminal District Court for two counts of Aggravated Assault with a Deadly Weapon.[2] Alfred was sentenced to ten years' imprisonment on each count with the sentences to run concurrently. On November 7, 2024, Alfred filed the current motion requesting to be transferred from the state prison where he is currently housed to a federal prison facility. Alfred contends that he seeks a transfer because his federal detainer does not allow him to receive programming while in state prison. Alfred is currently housed at the Texas Department of Criminal Justice W.F. Ramsey Unit, located in Rosharon, Texas, with a projected release date of March 31, 2029.

---

[1] Alfred was convicted of Aggravated Assault on a Public Servant in the 356th District Court in Kountze, Hardin County, Texas, on February 24, 2010, and Possession of a Controlled Substance, 4G to 200G, in the Criminal District Court of Beaumont, Jefferson County, Texas, on November 30, 2009.

[2] These state convictions stem from the same incident that occurred on April 1, 2019.

II.    <u>Analysis</u>

"In general, the sovereign that first arrests a defendant takes primary custody over him." *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018) (citing *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *Thomas v. Brewer,* 923 F.2d 1361, 1366-67 (9th Cir. 1991)). "The arresting sovereign retains primary custody 'until [it] relinquishes its priority in some way.'" *Id*. (citing *Cole*, 416 F.3d at 897). When a defendant is transferred from state custody to federal custody pursuant to a writ of habeas corpus ad prosequendum, the transfer is "only a 'loan' of the prisoner" such that the state retains primary jurisdiction. *Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) (quoting *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980)). "The time [Alfred] spent in federal custody pursuant to a writ of habeas corpus ad prosequendum . . . did not interrupt the state's primary jurisdiction over him." *Calmese v. Young*, 837 F. App'x 604, 604 (9th Cir. 2021); *see Schleining v. Thomas*, 642 F.3d 1242, 1243 n.1 (9th Cir. 2011) (temporary transfer of state prisoner to federal custody pursuant to a writ of habeas corpus ad prosequendum does not interrupt the state's primary jurisdiction over the prisoner). Alfred was first arrested by the State of Texas, and, therefore, the State is his primary custodian. When Alfred was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum, the State maintained primary jurisdiction over him and it was not interrupted. Subsequently, after Alfred's federal conviction, he was returned to state custody to face his state charges.

Apart from his alleged inability to participate in programming at his state facility, Alfred provides no basis or justification as to why he should serve his federal sentence prior to his state sentence. "[T]he order in which federal and state sentences are imposed is not dispositive of how

3

they will be served." *Smith v. United States*, No. CV H-23-3024, 2024 WL 346528, at *6 (S.D. Tex. Jan. 19, 2024). "[T]he federal government and a state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first, as long as the prisoner is not compelled unnecessarily to serve his sentences in a piecemeal fashion." *Yusufu v. U.S. Bureau of Prisons*, 129 F.3d 608, 1997 WL 681027, at *1 (5th Cir. 1997) (per curiam) (quoting *Causey v. Civiletti*, 621 F.2d 691, 694 (5th Cir. 1980)). Additionally, because Alfred violated both federal and state criminal laws, he "may not complain of the order in which he is tried or punished for such offenses." *United States v. Londono*, 285 F.3d 348, 356 (5th Cir. 2002) (quoting *Causey*, 621 F.2d at 694); *Gunton v. Squier*, 185 F.2d 470, 471 (9th Cir. 1950); *see Ponzi v. Fessenden*, 258 U.S. 254, 255 (1922).

Moreover, the court notes that a federal detainer should not affect Alfred's ability to participate in programming at the state facility. "Federal detainers are issued by the United States Marshal[] and merely request that state prison officials notify the Marshal[] of a prisoner's release date so that a deputy Marshal[] may be present . . . to take custody of the prisoner." *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983). A detainer does not have "any legal effect whatever on the decision of state authorities to place a state prisoner in one or another state program." *Id.* (quoting *Tremarco v. United States*, 412 F.Supp. 550, 555 (D.N.J. 1976)). Thus, there is no basis for a transfer in this case.

III.   Conclusion

In accordance with the foregoing, consistent with the foregoing analysis, Alfred's *pro se* Motion (#54) is DENIED.

SIGNED at Beaumont, Texas, this 18th day of July, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE